MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
---------------------------------------------------------X
EFREN VALENTINE, *individually and on behalf of others similarly situated,*

               *Plaintiff,*

-against-

CENTRAL CONSTRUCTION MANAGEMENT LLC, EBRO DIQUE GROUP, LLC, GREGORY KALAMARAS, FRANCISCO GARCIA, and RAMON CALVO, JR.

               *Defendants.*
---------------------------------------------------------X

**COMPLAINT**

**COLLECTIVE ACTION UNDER**
**29 U.S.C. § 216(b)**

**ECF Case**

Plaintiff Efren Valentine ("Plaintiff Valentine" or "Mr. Valentine"), individually and on behalf of others similarly situated, by and through his attorneys, Michael Faillace & Associates, P.C., upon his knowledge and belief, and as against CENTRAL CONSTRUCTION MANAGEMENT LLC, EBRO DIQUE GROUP, LLC ("Defendant Corporations"), GREGORY KALAMARAS, Francisco Garcia, and RAMON CALVO, JR., ("Individual Defendants"), (collectively, "Defendants"), alleges as follows:

**NATURE OF ACTION**

1. Plaintiff Valentine is a former employee of Defendants CENTRAL CONSTRUCTION MANAGEMENT LLC, EBRO DIQUE GROUP, LLC, GREGORY KALAMARAS, Francisco Garcia, and RAMON CALVO, JR.

2. Defendants own, operate, or control two construction companies, located at 25-04 40TH AVENUE LONG ISLAND CITY, NEW YORK, 11101 under the name Central Construction Management LLC and at 157-44 20TH ROAD WHITESTONE, NEW YORK, 11357 under the name Ebro Dique Group

3. Upon information and belief, individual Defendants GREGORY KALAMARAS, Francisco Garcia, and RAMON CALVO, JR., serve or served as owners, managers, principals, or agents of Defendant Corporations and, through these corporate entities, operate or operated the construction corporations as a joint or unified enterprise.

4. Plaintiff Valentine was employed as a construction worker at construction prjects located at 680 Park Avenue, New York, NY 10065, 21 E. 87th Street, New York, Ny 10128 and 151 E. 31st St., New York, NY 10016.

5. At all times relevant to this Complaint, Plaintiff Valentine worked for Defendants in excess of 40 hours per week, without appropriate overtime compensation for the hours that he worked.

6. Rather, Defendants failed to maintain accurate recordkeeping of the hours worked and failed to pay Plaintiff Valentine appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

7. Defendants' conduct extended beyond Plaintiff Valentine to all other similarly situated employees.

8. At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Valentine and other employees to work in excess of forty (40) hours per week without providing the overtime compensation required by federal and state law and regulations.

9. Plaintiff Valentine now brings this action on behalf of himself, and other similarly situated individuals, for unpaid overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq*. and 650 *et seq*. (the "NYLL"), including applicable liquidated damages, interest, attorneys' fees and costs.

10. Plaintiff Valentine seeks certification of this action as a collective action on behalf of himself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

11. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiff Valentine's state law claims under 28 U.S.C. § 1367(a).

12. Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district since Plaintiff Valentine was employed by Defendants to work on construction projects in this district.

## PARTIES

*Plaintiff*

13. Plaintiff Efren Valentine ("Plaintiff Valentine" or "Mr. Valentine") is an adult individual residing in Bronx County, New York.

14. Plaintiff Valentine was employed by Defendants at Central Construction and Ebro Dique Group from approximately July 15, 2019 until on or about January 26, 2021.

15. Plaintiff Valentine consents to being a party plaintiff pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Defendants*

16.   At all relevant times, Defendants owned, operated, or controlled two construction companies, located at 25-04 40TH AVENUE LONG ISLAND CITY, NEW YORK, 11101 under the name and at 157-44 20TH ROAD WHITESTONE, NEW YORK, 11357 under the name.

17.   Upon information and belief, CENTRAL CONSTRUCTION MANAGEMENT LLC is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 25-04 40TH AVENUE LONG ISLAND CITY, NEW YORK, 11101.

18.   Upon information and belief, EBRO DIQUE GROUP, LLC is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 157-44 20TH ROAD WHITESTONE, NEW YORK, 11357.

19.   Defendant GREGORY KALAMARAS is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant GREGORY KALAMARAS is sued individually in his capacity as owner, officer and/or agent of Defendant Corporations.

20.   Defendant GREGORY KALAMARAS possesses operational control over Defendant Corporations, an ownership interest in Defendant Corporations, and controls significant functions of Defendant Corporations. He determines the wages and compensation of the employees of Defendants, including Plaintiff Valentine, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

21.   Defendant GREGORY KALAMARAS is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant GREGORY

KALAMARAS is sued individually in his capacity as owner, officer and/or agent of Defendant Corporations. Defendant GREGORY KALAMARAS possesses operational control over Defendant Corporations, an ownership interest in Defendant Corporations, and controls significant functions of Defendant Corporations. He determines the wages and compensation of the employees of Defendants, including Plaintiff Valentine, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

22. Defendant Francisco Garcia is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Francisco Garcia is sued individually in his capacity as owner, officer and/or agent of Defendant Corporations. Defendant Francisco Garcia possesses operational control over Defendant Corporations, an ownership interest in Defendant Corporations, and controls significant functions of Defendant Corporations. He determines the wages and compensation of the employees of Defendants, including Plaintiff Valentine, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

23. Defendant RAMON CALVO, JR. is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant RAMON CALVO, JR. is sued individually in his capacity as owner, officer and/or agent of Defendant Corporations. Defendant RAMON CALVO, JR. possesses operational control over Defendant Corporations, an ownership interest in Defendant Corporations, and controls significant functions of Defendant Corporations. He determines the wages and compensation of the employees of Defendants, including Plaintiff Valentine, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## **FACTUAL ALLEGATIONS**

*Defendants Constitute Joint Employers*

24. Defendants operate two construction companies which perform a variety of projects in Manhattan.

25. Individual Defendants, GREGORY KALAMARAS, Francisco Garcia, and RAMON CALVO, JR. possess operational control over Defendant Corporations, possess ownership interests in Defendant Corporations, and control significant functions of Defendant Corporations.

26. Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

27. Each Defendant possessed substantial control over Plaintiff Valentine's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Valentine, and all similarly situated individuals, referred to herein.

28. Defendants jointly employed Plaintiff Valentine (and all similarly situated employees) and are Plaintiff Valentine's (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

29. In the alternative, Defendants constitute a single employer of Plaintiff Valentine and/or similarly situated individuals.

30. Upon information and belief, Individual Defendants GREGORY KALAMARAS, Francisco Garcia, and RAMON CALVO, JR. operate Defendant Corporations as either alter egos of themselves and/or fail to operate Defendant Corporations as entities legally separate and apart from themselves, by among other things:

a) failing to adhere to the corporate formalities necessary to operate Defendant Corporations as Corporations,

b) defectively forming or maintaining the corporate entities of Defendant Corporations, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

c) transferring assets and debts freely as between all Defendants,

d) operating Defendant Corporations for their own benefit as the sole or majority shareholders,

e) operating Defendant Corporations for their own benefit and maintaining control over these corporations as closed Corporations,

f) intermingling assets and debts of their own with Defendant Corporations,

g) diminishing and/or transferring assets of Defendant Corporations to avoid full liability as necessary to protect their own interests, and

h) Other actions evincing a failure to adhere to the corporate form.

31. At all relevant times, Defendants were Plaintiff Valentine's employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiff Valentine, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiff Valentine's services.

32. In each year from 2019 to 2021, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

33. In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the construction corporations on a daily basis are goods produced outside of the State of New York.

*Individual Plaintiff*

34. Plaintiff Valentine is a former employee of Defendants who was employed as a construction worker.

35. Plaintiff Valentine seeks to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Efren Valentine*

36. Plaintiff Valentine was employed by Defendants from approximately July 15, 2019 until on or about January 26, 2021.

37. Defendants employed Plaintiff Valentine as a Construction Worker.

38. Plaintiff Valentine regularly handled goods in interstate commerce, such as construction materials and other supplies produced outside the State of New York.

39. Plaintiff Valentine's work duties required neither discretion nor independent judgment.

40. Throughout his employment with Defendants, Plaintiff Valentine regularly worked in excess of 40 hours per week.

41. From approximately July 15, 2019 until on or about July 31, 2020, Plaintiff Valentine worked from approximately 8:00 a.m. until on or about 4:30 p.m., 5 days a week and from approximately 9:00 a.m. until on or about 5:30 p.m., on Saturdays (typically 48 hours per week).

42. From approximately September 1, 2020 until on or about January 25, 2021, Plaintiff Valentine worked at the 680 Park Avenue NY, NY 10065 location from approximately 8:00 a.m.

until on or about 4:30 p.m., Mondays through Fridays and from approximately 8:00 a.m. until on or about 4:30 p.m., on Saturdays (typically 48 hours per week).

43. Throughout his employment, Defendants paid Plaintiff Valentine his wages in cash.

44. From approximately July 15, 2019 until on or about January 26, 2021, Defendants paid Plaintiff Valentine $22.50 per hour.

45. Plaintiff Valentine was not required to keep track of his time, nor to his knowledge, did the Defendants utilize any time tracking device such as punch cards, that accurately reflected his actual hours worked.

46. No notification, either in the form of posted notices or other means, was ever given to Plaintiff Valentine regarding overtime and wages under the FLSA and NYLL.

47. Defendants did not provide Plaintiff Valentine an accurate statement of wages, as required by NYLL 195(3).

48. Defendants did not give any notice to Plaintiff Valentine, in English and in Spanish (Plaintiff Valentine's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

49. Defendants required Plaintiff Valentine to purchase "tools of the trade" with his own funds—including gloves, masks, helmets and one harness.

*Defendants' General Employment Practices*

50. At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Valentine (and all similarly situated employees) to work in excess of 40 hours a week without paying him appropriate overtime compensation as required by federal and state laws.

51. Plaintiff Valentine was a victim of Defendants' common policy and practices which violate his rights under the FLSA and New York Labor Law by, *inter alia*, not paying him the wages he was owed for the hours he worked.

52. Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL by failing to maintain accurate and complete timesheets and payroll records.

53. Defendants paid Plaintiff Valentine his wages in cash.

54. Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

55. Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Valentine (and similarly situated individuals) worked, and to avoid paying Plaintiff Valentine properly for his full hours worked.

56. Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

57. Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiff Valentine and other similarly situated former workers.

58. Defendants failed to provide Plaintiff Valentine and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum

wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

59. Defendants failed to provide Plaintiff Valentine and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

60. Plaintiff Valentine brings his FLSA overtime compensation and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Class members"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").

61. At all relevant times, Plaintiff Valentine and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required overtime pay at a one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA and willfully failing to keep records under the FLSA.

62. The claims of Plaintiff Valentine stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

63. Plaintiff Valentine repeats and realleges all paragraphs above as though fully set forth herein.

64. At all times relevant to this action, Defendants were Plaintiff Valentine's employers (and employers of the putative FLSA Class members) within the meaning of the Fair Labor Standards Act. 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiff Valentine (and the FLSA Class members), controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for his employment.

65. At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

66. Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act. 29 U.S.C. § 203 (r-s).

67. Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiff Valentine (and the FLSA Class members) overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

68. Defendants' failure to pay Plaintiff Valentine (and the FLSA Class members), overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

69. Plaintiff Valentine (and the FLSA Class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

## VIOLATION OF THE OVERTIME PROVISIONS

## OF THE NEW YORK STATE LABOR LAW

70.  Plaintiff Valentine repeats and realleges all paragraphs above as though fully set forth herein.

71.  Defendants, in violation of N.Y. Lab. Law § 190 *et seq*., and supporting regulations of the New York State Department of Labor, failed to pay Plaintiff Valentine overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

72.  Defendants' failure to pay Plaintiff Valentine overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

73.  Plaintiff Valentine was damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

## VIOLATION OF THE NOTICE AND RECORDKEEPING

## REQUIREMENTS OF THE NEW YORK LABOR LAW

74.  Plaintiff Valentine repeats and realleges all paragraphs above as though fully set forth herein.

75.  Defendants failed to provide Plaintiff Valentine with a written notice, in English and in Spanish (Plaintiff Valentine's primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business,

and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

76. Defendants are liable to Plaintiff Valentine in the amount of $5,000, together with costs and attorneys' fees.

## FOURTH CAUSE OF ACTION

## VIOLATION OF THE WAGE STATEMENT PROVISIONS
## OF THE NEW YORK LABOR LAW

77. Plaintiff Valentine repeats and realleges all paragraphs above as though fully set forth herein.

78. With each payment of wages, Defendants failed to provide Plaintiff Valentine with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

79. Defendants are liable to Plaintiff Valentine in the amount of $5,000, together with costs and attorneys' fees.

## FIFTH CAUSE OF ACTION

## RECOVERY OF EQUIPMENT COSTS

80. Plaintiff Valentine repeats and realleges all paragraphs above as though fully set forth herein.

81. Defendants required Plaintiff Valentine to pay, without reimbursement, the costs and expenses for purchasing and maintaining equipment and "tools of the trade" required to perform his job, further reducing his wages in violation of the FLSA and NYLL. 29 U.S.C. § 206(a); 29 C.F.R. § 531.35; N.Y. Lab. Law §§ 193 and 198-b.

82. Plaintiff Valentine was damaged in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Valentine respectfully requests that this Court enter judgment against Defendants by:

(a) Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b) Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Valentine and the FLSA Class members;

(c) Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff Valentine's and the FLSA Class members' compensation, hours, wages, and any deductions or credits taken against wages;

(d) Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiff Valentine and the FLSA Class members;

(e) Awarding Plaintiff Valentine and the FLSA Class members damages for the amount of unpaid overtime compensation and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(f) Awarding Plaintiff Valentine and the FLSA Class members liquidated damages in an amount equal to 100% of his damages for the amount of unpaid overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(g) Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Valentine;

(h) Declaring that Defendants violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiff Valentine's compensation, hours, wages and any deductions or credits taken against wages;

(i) Declaring that Defendants' violations of the provisions of the NYLL were willful as to Plaintiff Valentine;

(j) Awarding Plaintiff Valentine damages for the amount of unpaid overtime compensation, and for any improper deductions or credits taken against wages as applicable

(k) Awarding Plaintiff Valentine damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(l) Awarding Plaintiff Valentine liquidated damages in an amount equal to one hundred percent (100%) of the total amount of overtime compensation shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(m) Awarding Plaintiff Valentine and the FLSA Class members pre-judgment and post-judgment interest as applicable;

(n) Awarding Plaintiff Valentine and the FLSA Class members the expenses incurred in this action, including costs and attorneys' fees;

(o) Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(p) All such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff Valentine demands a trial by jury on all issues triable by a jury.

Dated: New York, New York

February 15, 2021

                                                 MICHAEL FAILLACE & ASSOCIATES, P.C.

                                          By:       /s/ Michael Faillace
                                                          Michael Faillace [MF-8436]
                                                          60 East 42nd Street, Suite 4510
                                                          New York, New York 10165
                                                          Telephone: (212) 317-1200
                                                          Facsimile: (212) 317-1620
                                                          *Attorneys for Plaintiff*

# MICHAEL FAILLACE & ASSOCIATES, P.C.

Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510  
New York, New York 10165

Telephone: (212) 317-1200  
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

February 4, 2021

BY HAND

TO:   Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff. **(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                      Efren Valentine  
Legal Representative / Abogado:     Michael Faillace & Associates, P.C.

Signature / Firma:                  *[signature]*

Date / Fecha:                       4 de febrero

*Certified as a minority-owned business in the State of New York*